1  Laura A. Stoll (SBN 255023)
   *LStoll@goodwinlaw.com*
2  **GOODWIN PROCTER** LLP
   601 South Figueroa Street, 41st Floor
3  Los Angeles, CA 90017
   Tel.: (213) 426-2500
4  Fax: (213) 623-1673

5  *Attorney for Defendants*

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9                              **FRESNO DIVISION**

10

11 **ADRIAN SCOTT RANDLES,**                        )
   individually and on behalf of all others similarly situated, )
12                                                   )   1:24-cv-00177-NODJ-SKO
                                                     )
13        Plaintiff,                                 )
                                                     )
14                                                   )
   vs.                                               )   Date: April 17, 2024
15                                                   )   Time: 9:00 AM
   **MR. COOPER GROUP, INC.,** a Delaware           )   Courtroom: 5, 7th Floor
16 Corporation, and **NATIONSTAR MORTGAGE, LLC,**   )   Judge: United States District
   **d/b/a MR.   COOPER,** a Delaware limited liability )        Judge None (NODJ)
17 company,                                          )
                                                     )
18        Defendant.                                 )
                                                     )
19 _____         )

20

21     **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
       TRANSFER VENUE TO THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION,
22     PURSUANT TO 28 U.S.C. § 1404(A), OR IN THE ALTERNATIVE, PURSUANT TO THE
                              FIRST-FILED DOCTRINE**

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

INTRODUCTION...........................................................................................................................1

BACKGROUND ......................................................................................................................... 3

    I.    Mr. Cooper's Principal Place of Business in Coppell, Texas .................................... 3

    II.    The Cyber Attack ...................................................................................................... 4

    III.    The Related Actions .................................................................................................. 4

ARGUMENT ............................................................................................................................... 5

    I. The § 1404(a) Transfer Factors Support Transferring this Action to the Northern District of Texas. .............................................................................................................................. 5

        A. The Northern District of Texas Has Subject Matter Jurisdiction and Is a Proper Venue Over This Dispute. ...................................................................................................... 6

        B. The Section 1404(a) Transfer Factors Overwhelmingly Favor Transfer to the Northern District of Texas. ......................................................................................................... 7

    II. The First-Filed Doctrine and Judicial Comity Also Support Transferring this Action to the Northern District of Texas. ...................................................................................................... 13

CONCLUSION ...........................................................................................................................17

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alltrade, Inc. v. Uniweld Products, Inc.*,
  946 F.2d 622 (9th Cir. 1991) ........................................................................................... 2

*Automated Legal Sys., Inc. v. Pro. Document Servs., Inc.*,
  No. CIV.S-06-2116LKK/DAD, 2007 WL 163747 (E.D. Cal. Jan. 18, 2007) ...................... 8

*Basalite Concrete Prod., LLC v. Keystone Retaining Wall Sys.*,
  No, CIV. 2:10–2814 WBS-KJN, 2011 WL 999198 (E.D. Cal. Mar. 17, 2011) .................. 13

*Billing v. CSA-Credit Sols. of Am., Inc.*,
  No. 10-CV-0108 BEN (NLS), 2010 WL 2542275 (S.D. Cal. June 22, 2010) .................... 6

*Bowen v. Mckesson Corp.*,
  No. 1:12-CV-1906-LJO-SKO, 2016 WL 1626784 (E.D. Cal. Apr. 25, 2016) .................... 6

*Bradley-Brown v. Am. Home Mortg. Servicing, Inc.*,
  No. SACV 11-1132 DOC, 2012 WL 254064 (C.D. Cal. Jan. 25, 2012) ............................ 9

*Chaker v. Becerra*, 2:20-cv-1248-TLN-KJN PS, 2021 WL 826167 (E.D. Cal. Mar. 4,
  2021) .............................................................................................................................. 10

*Decter v. MOG Sales, LLC*,
  No. 206-CV-1738-MCE-GGH, 2006 WL 3703368 (E.D. Cal. Dec. 14, 2006) ................. 8

*Dewan v. M-I, L.L.C.*,
  No. 1:14-CV-01151-AWI, 2015 WL 3797462 (E.D. Cal. June 18, 2015) ........................ 5

*Fraser v. Genesco, Inc.*,
  No. 2:11-CV-00598-MCE, 2011 WL 4566312 (E.D. Cal. Sept. 29, 2011) ....................... 6

*Galliani v. Citimortgage, Inc.*,
  No. 2:12-CV-00411-KJM, 2013 WL 101411 (E.D. Cal. Jan. 7, 2013) ............................. 8

*Gatdula v. CRST Int'l, Inc.*,
  No. CIV. 2:10-58 WBS CMK, 2011 WL 445798 (E.D. Cal. Feb. 8, 2011) ...................... 16

*Gill v. Simpson*,
  No. 1:12-CV-1011 AWI GSA, 2012 WL 4863808 (E.D. Cal. Oct. 12, 2012) ................... 10

*Gotta v. Urso*,
  No. 3:05-CV-1144-D, 2006 WL 8437549 (N.D. Tex. Mar. 17, 2006) .............................. 12

*Green Aire for Air Conditioning W.L.L. v. Salem*,
  No. 1:18-CV-00873-NONE-SKO, 2020 WL 4734909 (E.D. Cal. Aug. 14, 2020) ............... 5, 7, 10, 12

*Guimei v. Gen. Elec. Co.*,
  172 Cal. App. 4th 689 (2009) ........................................................................................... 10

ii

*Henry v. Home Depot U.S.A., Inc*,
   No. 14-CV-04858-JST, 2016 WL 4538365 (N.D. Cal. Aug. 31, 2016)................................16

*Hope v. Lunarlandowner.com, Inc.*,
   No. 2:20-CV-01783-TLN-DB, 2022 WL 597579 (E.D. Cal. Feb. 28, 2022)........................9

*Horne v. Nissan N. Am., Inc.*,
   No. 2:17-CV-00436-MCE-DB, 2018 WL 746467 (E.D. Cal. Feb. 6, 2018)........................16

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ..................................................................................5, 7, 12

*Lewis v. Sw. Airlines Co.*,
   No. 16-CV-00749-JCS, 2016 WL 3091998 (N.D. Cal. June 2, 2016) ................................12

*Lighting Sci. Grp. Corp. v. U.S. Philips Corp.*,
   No. 2:08-CV-2238 FCD GGH, 2009 WL 10694995 (E.D. Cal. Feb. 4, 2009) ....................6

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) ...............................................................................................12

*Megtech, Inc. v. Edible Arrangements, LLC*,
   No. CV09-5876 ODW, 2010 WL 11512215 (C.D. Cal. Jan. 11, 2010)...............................10

*Mendoza v. Electrolux Home Prod., Inc.*,
   No. 1:17-cv-00839-LJO-SKO, 2017 WL 5010352 (E.D. Cal. Nov. 2, 2017) ......................2

*Modavox, Inc. v. AOL LLC*,
   No. CV 08–05914 SJO, 2009 WL 8548648 (C.D. Cal. Apr. 14, 2009) ...............................13

*Montijo v. Amazon.com Servs. LLC*,
   2022 WL 16702134 (E.D. Cal. Nov. 3, 2022) ....................................................................13

*Mussetter Distrib., Inc. v. DBI Beverage Inc.*,
   No. CIV. 09-1442-WBS-EFB, 2009 WL 1992356 (E.D. Cal. July 8, 2009) ..................5, 11

*O'Gara v. Binkley*,
   384 F. Supp. 3d 674 (N.D. Tex. 2019) ...............................................................................12

*Owner-Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc.*,
   No. CV F 02-5664 AWI SMS, 2002 WL 32831640 (E.D. Cal. Aug. 19, 2002)..............9, 11

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ..........................................................................................13, 16

*Ricupito v. Indianapolis Life Ins. Co., No.* 3:09-CV-2389-B, 2010 WL 3855293 (N.D.
   Tex. Sept. 30, 2010)............................................................................................................12

*Salazar v. Georgia-Pac. Corrugated LLC*,
   No. 1:23-CV-01020-SKO, 2023 WL 6387148 (E.D. Cal. Sept. 29, 2023) ..........................3

*Shanze Enterprises, Inc. v. Am. Cas. Co. of Reading, Penn.*,
   No. 2:14-CV-02623-KJM, 2015 WL 1014167 (E.D. Cal. Mar. 5, 2015)........................9, 12

iii

*Szegedy v. Keystone Food Prods., Inc.*,
   No. CV 08–5369 CAS, 2009 WL 2767683 (C.D. Cal. Aug. 26, 2009) ................................................6

*Teets v. Great-W. Life & Annuity Ins. Co.*,
   No. 2:14-CV-1360 KJM DAD, 2014 WL 4187306 (E.D. Cal. Aug. 21, 2014) ...................................8

*Trottier v. FieldCore Servs. Sols., LLC*,
   No. CV 20-77 PA (JCX), 2020 WL 13304063 (C.D. Cal. Aug. 3, 2020) ...........................................11

**Statutes**

28 U.S.C. § 1332(d) .............................................................................................................................6

28 U.S.C. § 1391 .................................................................................................................................7

28 U.S.C. § 1404(A) ...................................................................................................................*passim*

**Other Authorities**

U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics
   (December 31, 2023) *available at*:
   https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2023
   .pdf.....................................................................................................................................................11

DEFENDANTS MR. COOPER GROUP, INC. and NATIONSTAR MORTGAGE, LLC, d/b/a MR. COOPER (collectively, "Mr. Cooper") submit this Memorandum of Points and Authorities in support of their Motion to Transfer Venue to the Northern District of Texas, Dallas Division, Pursuant to 28 U.S.C. § 1404(a), or, in the Alternative, Pursuant to the First-Filed Doctrine (the "Motion").

## INTRODUCTION

Plaintiff Adrian Randles ("Randles"), a customer of Mr. Cooper, brings this action on behalf of himself and a putative class (the "*Randles* Action"), alleging a violation of the California Consumer Privacy Act ("CCPA") as a result of an October 2023 cyberattack on Mr. Cooper, a Texas-based mortgage company (the "Cyber Attack"). Soon after the Cyber Attack, on November 3, 2023, plaintiff Jennifer Cabezas filed a putative class action in the United States District Court for the Northern District of Texas, Dallas Division, in which she brings various claims arising from the Cyber Attack on behalf of a putative nationwide class. *See Cabezas v. Mr. Cooper Group, Inc.*, 3:23-cv-02453-N (N.D. TX) (the "*Cabezas* Action"). Since the filing of the *Cabezas* Action, twenty-five additional putative nationwide class actions were filed against Mr. Cooper that, like this case, assert claims as a result the October 2023 Cyber Attack. All **26** of those cases have been transferred to and consolidated before a single judge in a single action, under the *Cabezas* Action, in the Northern District of Texas (the "Consolidated Action").[1] Under Section 1404(a), the

---

[1] *Archer v. Mr. Cooper Group, Inc.*, 3:23-cv-02873-N; *Borge v. Mr. Cooper Group Inc.*, 3:23-cv-2561-N; *Cabezas v. Mr. Cooper Group, Inc.*, 3:23-cv-02453-N; *Crawford v. Nationstar d/b/a Mr. Cooper*, 23-cv-2756-N; *Debowczyk v. Mr. Cooper Group, Inc. and Nationstar Mortgage, LLC*, 3:24-cv-00096-N; *England v. Nationstar Mortgage LLC d/b/a Mr. Cooper and Mr. Cooper Group, Inc.*, 3:24-cv-0247-N; *Garrigo v. Nationstar Mortgage LLC d/b/a Mr. Cooper and Mr. Cooper Group, Inc.*, 3:23-cv-2842-N; *Granados v. Mr. Cooper Group, Inc.*, 3:23-cv-2522-N; *Hart v. Nationstar Mortgage LLC d/b/a Mr. Cooper and Mr. Cooper Group, Inc.*, 3:24-cv-0093-N; *Hughes v. Nationstar d/b/a Mr. Cooper*, 3:24-cv-0085-N; *Kaufman v. Nationstar Mortgage LLC d/b/a Mr. Cooper and Mr. Cooper Group Inc.*, 3:24-cv-0172-N; *LaPertche v. Mr. Cooper Group, Inc.*, 3:23-cv-2528-N; *Martinez v. Nationstar Mortgage LLC dba Mr. Cooper*, 3:23-cv-2814-N; *Matadi v. Nationstar Financial, Inc., d/b/a Mr. Cooper; and Mr. Cooper Group, Inc.*, 3:24-cv-

---

1

first-filed doctrine, and principles of judicial comity and efficiency, this case too should be transferred to the Northern District of Texas so it can be consolidated with the others.

First, this Court should grant the Motion under Section 1404(a) because the transfer factors weigh heavily in favor of a transfer to the Northern District of Texas. Plaintiff acknowledges that Mr. Cooper's principal place of business is in the Northern District of Texas (Compl. ¶¶ 18-19). Accordingly, most all of the relevant events, facts, witnesses and documents are located in the Northern District of Texas. In contrast, the only connection this case has to the Eastern District of California is Plaintiff and because he seeks to represent a putative class, Plaintiff's choice of forum is due little weight. Furthermore, given the twenty-six pending actions, there is a significant risk that if this lawsuit were to proceed in parallel, this Court and the Northen District of Texas could reach conflicting and overlapping decisions regarding the same facts, claims, and putative class members. It serves judicial economy and efficiency for the Court, defendants, and the class, for this case to be transferred to the Northern District of Texas. *Mendoza v. Electrolux Home Prod., Inc.,* No. 1:17-cv-00839-LJO-SKO, 2017 WL 5010352, at \*10 (E.D. Cal. Nov. 2, 2017) (granting transfer under Section 1404(a) where "transferee forum is already quite familiar with the facts and

---

0162-N; *McCartney v. Nationstar d/b/a Mr. Cooper*, 3:24-cv-0021-N; *Penrhyn v. Nationstar Financial, Inc. d/b/a Mr. Cooper and Mr. Cooper Group, Inc.*, 3:23-cv-2886-N; *Pollard v. Mr. Cooper Group, Inc.*, 3:23-cv-2468-N; *Randall v. Mr. Cooper Group, Inc.*, 3:23-cv-2507-N; *Schwartz v. Nationstar Mortgage LLC d/b/a Mr. Cooper and Mr. Cooper Group, Inc.*, 3:24-cv-0050-N; *Short v. Mr. Cooper Group, Inc.*, 3:23-cv-2592-N; *Siegal v. Mr. Cooper Group Inc.*, 23-cv-2485-N; *Stump v. Mr. Cooper Group, Inc.*, 3:23-cv-2562-N; *Turturro v. Mr. Cooper Group, Inc.*, 3:23-cv-2572-N; *Walker v. Nationstar Financial Inc.*, 3:23-cv-2524-N; *Watson v. Nationstar Financial, Inc. d/b/a Mr. Cooper and Mr. Cooper Group, Inc.*, 3:24-cv-0064-N; *Robertson v. Nationstar Financial, Inc.*, *d/b/a Mr. Cooper et al.*, 23-cv-2733-N.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MOTION TO TRANSFER VENUE                    CASE NO. 1:24-cv-00177-NODJ-SKO

1
2

[governing] law … [because] consolidated action involve[s] very similar questions of law and fact, the resolution of which will involve much of the same evidence and testimony").

3
4
5
6
7
8
9
10
11
12
13
14

Alternatively, the Court should transfer this action under the first-filed doctrine.[2]  There is no dispute that the *Cabezas* Action (filed on November 3, 2023) was filed before this action (filed February 7, 2024), and was the first case filed against Mr. Cooper resulting from the Cyber Attack. Further, it cannot be disputed that the facts, claims and classes overlap in the Consolidated Action and the *Randles* Complaint.  If this action is transferred, the CCPA claim in this action and its putative California class would operate as a subclass to the putative nationwide class in the Consolidated Action.  Yet, if this case is *not* transferred, putative class members would face the risk of having similar legal claims, arising from the same events, against the same defendant, proceeding simultaneously in two different courts, creating the risk of conflicting and different outcomes.

15
16

For the reasons set forth below, Mr. Cooper respectfully requests that the Court grant this Motion and transfer this action to the Northern District of Texas.

17

## BACKGROUND

18

### I.   Mr. Cooper's Principal Place of Business in Coppell, Texas

19
20
21
22
23
24

As Plaintiff's Complaint alleges, "Mr. Cooper is a Dallas-based mortgage lending and loan servicing company" whose "principal place of business [is] located" in "Coppell, TX"  (Compl. ¶¶ 1,19; Declaration of Alan R. Blunt in support of the Motion ("Blunt Decl." ¶ 5), which is within the Northern District of Texas.  The vast majority of Mr. Cooper's employees are based in Mr. Cooper's principal office in Coppell, Texas or its other Texas offices.  Blunt Decl. ¶ 7.  The groups

25
26
27
28

---

[2] If this Court is not inclined to transfer then the Court should stay this action under the first-filed doctrine and principles of judicial comity.  *Alltrade, Inc. v. Uniweld Prods.*, Inc., 946 F.2d 622, 623 (9th Cir. 1991) (In addition to a transfer, a district court may "stay, or dismiss an action when a similar complaint has already been filed in another federal court."); *Salazar v. Georgia-Pac. Corrugated LLC,* No. 1:23-CV-01020-SKO, 2023 WL 6387148, at *5 (E.D. Cal. Sept. 29, 2023) (finding that "case should be stayed under the first-to-file rule pending the outcome of the [related] Class Action").

primarily responsible for responding to and resolving the Cyber Attack are located in Coppell, Texas.  Blunt Decl. ¶ 9.  This includes Mr. Cooper's information security team, including its Chief Information Security Officer (the "CISO").  *Id.*  The team working under the CISO manages Mr. Cooper's information security and technology governance, and operates out of Mr. Cooper's headquarters in Texas.  *Id.*  Mr. Cooper's Information Technology, Data Management, Customer Service, Loan Servicing, among other integral operations, are all based in Texas.  Blunt Decl. ¶ 6.

## II.   The Cyber Attack

On October 31, 2023, Mr. Cooper determined that it had experienced the Cyber Attack, a cybersecurity incident in which an unauthorized third party gained access to certain technology systems.  Compl. ¶¶ 5-9; Mr. Cooper Group Inc., Form 8-K/A at 2 (Nov. 9, 2023), available at: EDGAR (sec.gov).  On or around December 15, 2023, Mr. Cooper began notifying its customers that their information, held by Mr. Cooper, had likely been exfiltrated by a third party.  Compl. ¶ 7.  Plaintiff alleges he received one of those notices, on or around December 16, 2023.  Compl. ¶ 26.

## III.   The Related Actions

Since the Cyber Attack, a total of twenty-seven putative class action have been filed against Mr. Cooper, including this case—all relating to the Cyber Attack.  The first-filed case, the *Cabezas* Action, was filed in the Northern District of Texas, Dallas Division on November 3, 2023.  From November 3, 2023 to January 31, 2024, twenty-five additional putative class actions alleging claims on behalf of nationwide classes were filed.  Of these twenty-five cases, three were filed outside of Texas and were transferred to the Northern District of Texas on consent of each of the named plaintiffs.  *Hughes*, 4:23-cv-00939-DGK (W.D. Mo.), ECF No. 10; *McCartney*, 1:23-cv-02157-BMB (N.D. Ohio); ECF No. 11, *Martinez*, 2:23-cv-02043 (D. Nev.), ECF No. 8.  In total, twenty-six putative class actions based on the Cyber Attack, filed between November 3, 2023 and January 31, 2024, have been consolidated in the Northern District of Texas, Dallas Division.  Residents of

California are named plaintiffs in three of the cases that are now consolidated in the Consolidated Action.  *Borge* Compl. ¶¶ 13, 19, 94;  *Granados* Compl. ¶ 5; *LaPertche* Compl. ¶ 8.  A consolidated class action complaint will be filed in the Consolidated Action; there is no current deadline for the forthcoming amended consolidated class action complaint.  After these twenty-six cases were filed, this action was brought in the Eastern District of California.

## ARGUMENT

### I.  The § 1404(a) Transfer Factors Support Transferring this Action to the Northern District of Texas.

Under 28 U.S.C. § 1404(a), an action may be transferred to another district court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties and witnesses; and (3) the transfer will promote the interests of justice.  28 U.S.C. § 1404(a); *Mussetter Distrib., Inc. v. DBI Beverage Inc.*, No. CIV. 09-1442-WBS-EFB, 2009 WL 1992356, at *3 (E.D. Cal. July 8, 2009); *Dewan v. M-I, L.L.C.*, No. 1:14-CV-01151-AWI, 2015 WL 3797462, *4 (E.D. Cal. June 18, 2015).  If the court determines that venue is appropriate in the transferee court, the court makes an "individualized, case-by-case consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  In evaluating the convenience and the interests of justice, courts may consider several discretional factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99.  In addition, courts may consider such other factors as: "(1) the ease of access to evidence; (2) pendency of a related action; (3) familiarity of forums with applicable law; and (4) court congestion in each forum."  *Green Aire for Air Conditioning W.L.L. v. Salem*, No.

5

1:18-CV-00873-NONE-SKO, 2020 WL 4734909, at *6 (E.D. Cal. Aug. 14, 2020) (Oberto, M.J.).

Transfer under Section 1404(a) is also appropriate in order to avoid "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts" because simultaneous litigation of the same issues leads to wastes of "time, energy, and money." *Bowen v. Mckesson Corp.*, No. 1:12-CV-1906-LJO-SKO, 2016 WL 1626784, at *3 (E.D. Cal. Apr. 25, 2016) (citing *Cont'l Grain Co. v. The FBL–585*, 364 U.S. 19, 26 (1960)). Courts seek to avoid duplicative litigation and to prevent waste of time and money. *Fraser v. Genesco, Inc.*, No. 2:11-CV-00598-MCE, 2011 WL 4566312, *3 (E.D. Cal. Sept. 29, 2011) ("transfer will minimize the duplication of efforts, and the potential for wasted resources, by both the parties and the courts"); *Szegedy v. Keystone Food Prods., Inc.*, No. CV 08–5369 CAS (FFMx), 2009 WL 2767683, at *6 (C.D. Cal. Aug. 26, 2009) (granting motion to transfer where "two cases involve[ed] precisely the same issues [and were] simultaneously pending in different District Courts lead[ing] to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *Billing v. CSA-Credit Sols. of Am., Inc.*, No. 10-CV-0108 BEN (NLS), 2010 WL 2542275, at *5 (S.D. Cal. June 22, 2010) (holding the interests of justice supported transfer to the Northern District of Texas where two related class action cases were pending and alleged substantially similar claims against the same defendant because transfer "would avoid duplicative litigation, further judicial economy, and prevent the waste of resources.").

A. **The Northern District of Texas Has Subject Matter Jurisdiction and Is a Proper Venue Over This Dispute.**

There is no dispute that this action could have been brought in the Northern District of Texas, Dallas Division. First, there is subject matter jurisdiction in federal court over this action based on minimal diversity jurisdiction under the Class Action Fairness Act. 28 U.S.C. § 1332(d). Plaintiff is a resident of California. Compl. ¶¶ 17, 23. Mr. Cooper is a limited liability corporation organized under Delaware law, with its principal place of business in Coppell, Texas. Compl.

6

¶¶ 18-19; Blunt Decl. ¶ 5.  In addition, the Complaint alleges that the aggregated claims of the class members exceed $5 million, thereby meeting the amount in controversy required by Section 1332(d)(2) (although Mr. Cooper denies it is liable for any such amount), and none of the Section 1332 exceptions apply here.  *See* Compl. ¶¶ 20, 30(a), 48.

Second, the Northern District of Texas, Dallas Division is a proper venue for the Complaint because Mr. Cooper is headquartered in Coppell, Texas (which is within the Northern District of Texas, Dallas Division).  Blunt Decl. ¶ 5; *see* 28 U.S.C. § 1391 (a civil action may be brought in a "judicial district in which any defendant resides" or a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").  Further, the Complaint alleges that the events arise from a "cyberattack that occurred between October 30, 2023 and November 1, 2023 [that] exfiltrated consumers' sensitive personal data from Mr. Cooper's network(s)."  Compl. ¶ 9; Blunt Decl. ¶ 8.  Mr. Cooper's principal executive office, which includes its Information Technology, Data Management, Customer Service, and Loan Servicing, among other integral operations, is located in Coppell, Texas (*see* Blunt Decl. ¶¶ 6, 9); thus the action could also have been brought there in the first instance since the events or omissions giving rise to the claim occurred there.

Accordingly, it is clear that the Northern District of Texas is an appropriate venue for this litigation.  *See Galliani v. Citimortgage, Inc.*, No. 2:12-CV-00411-KJM, 2013 WL 101411, at *3 (E.D. Cal. Jan. 7, 2013) (venue appropriate in transferee forum because "a substantial portion of the conduct giving rise to plaintiffs' claims occurred in that judicial district").

**B.  The Section 1404(a) Transfer Factors Overwhelmingly Favor Transfer to the Northern District of Texas.**

It is clear that, based on the balance of factors considered by the Ninth Circuit in *Jones* and by this Court in *Green Aire*, transferring the Action to the Northern District of Texas would serve the convenience of the parties and witnesses, and would be in the interest of justice.

7

***Convenience of the parties and witnesses***.  First, it is more convenient for defendant Mr. Cooper and for potential witnesses—such as its employees who were involved with information security policies and procedures and with response to the Cyber Attack—as well as relevant evidence, to be available for a litigation in the Northern District of Texas, the same district (or short distance from) where they are located.[3]  *See Automated Legal Sys., Inc. v. Pro. Document Servs., Inc.,* No. CIV.S-06-2116LKK/DAD, 2007 WL 163747, at *2 (E.D. Cal. Jan. 18, 2007) (granting motion to transfer where there "is no doubt that it would be more convenient for defendant if this action were litigated" in transferee forum); *Decter v. MOG Sales, LLC*, No. 206-CV-1738-MCE-GGH, 2006 WL 3703368, at *2 (E.D. Cal. Dec. 14, 2006) (transferring action where plaintiff "failed to identify any witness that resides in this forum … [and convenience of witness factor] substantially supports transfer[]"); Blunt Decl. ¶ 7.  Without question, any depositions of witnesses and production of relevant discovery from Mr. Cooper will occur within the Northern District of Texas.  It is more convenient for the parties, witnesses, and their counsel for this matter to proceed in Texas.

***Location of relevant events.***  Second, the location of relevant events factor favors transfer because the only claim at issue in the Complaint is based on the Cyber Attack, in which an "unauthorized third party gained access to certain of [Mr. Cooper's] technology systems."  Mr. Cooper Group Inc., Form 8-K/A at 2 (Nov. 9, 2023), available at: <u>EDGAR (sec.gov)</u>.  Mr. Cooper's principal place of business is located in Coppell, Texas and its key employees, including those primarily responsible for responding to and resolving the Cyber Attack, operations, and technology systems are located in, or run from, its principal executive office in Coppell, which is within the Northern District of Texas, Dallas Division.  *See* Blunt Decl. ¶ 5; *Teets v. Great-W. Life & Annuity*

---

[3] The Northern District of Texas is more convenient for Plaintiff's lead counsel (Woodward & Peluso, LLC), which is based in Denver, Colorado, several hundred miles closer to the Northern District of Texas (in Dallas, Texas) than the Eastern District of California (in Fresno, California).

*Ins. Co.,* No. 2:14-CV-1360 KJM DAD, 2014 WL 4187306, at *2 (E.D. Cal. Aug. 21, 2014) (granting motion to transfer to District of Colorado where "Defendant has presented evidence showing that it is a Colorado corporation with its headquarters and principal place of business in Greenwood Village, Colorado, and that the key employees with information about the issues raised in the complaint are based in Colorado").  In contrast, the Complaint does not identify any relevant event for the disposition of Plaintiff's claim that occurred within the Eastern District of California.

> ***Ease of access to proof.***  Third, the ease of access to proof favors transfer because Mr. Cooper's primary office is in Coppell, sources of proof such as Mr. Cooper's employees, including its primary information technology team, documents, and customer records are located there.  Blunt Decl. ¶ 9; *Hope v. Lunarlandowner.com, Inc.*, No. 2:20-CV-01783-TLN-DB, 2022 WL 597579, at *6 (E.D. Cal. Feb. 28, 2022) (ease of access to sources of proof factor weighs in favor of transfer where defendant's principal place of business and "most potential witnesses and documentary evidence" are in transferee venue; *Owner-Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc.*, No. CV F 02-5664 AWI SMS, 2002 WL 32831640, at *10 (E.D. Cal. Aug. 19, 2002) (granting transfer where "all of the documents relative" to the plaintiff's claim were located in the transferee forum).

> ***Cost of litigation***.  Fourth, taking into account the location of potential witnesses and evidence, the comparative cost of litigation factor favors transfer because practically, trying the case in California would be more burdensome, costly and difficult for all parties because it would require Mr. Cooper's witnesses to travel a significant distance (over 1,000 miles) from where they are based in Texas.  Blunt Decl. ¶ 9.   Indeed, a trial in the case—which could last weeks and requires substantial personal disruption to witnesses—would be more expeditious and inexpensive if it proceeds in the Northern District of Texas.  Compl. ¶ 18 (conceding that Mr. Cooper's principal place of business is in Texas); *Shanze Enterprises, Inc. v. Am. Cas. Co. of Reading, Penn.*, No.

2:14-CV-02623-KJM, 2015 WL 1014167, *6 (E.D. Cal. Mar. 5, 2015) (finding that the cost of litigation factor favors transfer from the Eastern District of California to the Northern District of Texas where "the complaint places extrinsic evidence at issue, and that discovery likely will seek information or testimony of deponents located in Texas."); *Bradley-Brown v. Am. Home Mortg. Servicing, Inc.*, No. SACV 11-1132 DOC, 2012 WL 254064, at *3 (C.D. Cal. Jan. 25, 2012) (granting transfer where "[d]efendant makes a compelling argument that the Northern District of Texas, in which its headquarters and employees are located, would be significantly more cost-effective and convenient").

*Forum's contact with claims.* Fifth, because Plaintiff's claim is based on the Cyber Attack and allegations regarding Mr. Cooper's information security policies, procedures, and actions (*see, e.g.* Compl. ¶¶ 42-44), the forum in which Mr. Cooper is located has a substantial connection to Plaintiff's cause of action. There is a connection between the allegations made in the Complaint and the Northern District of Texas that simply does not exist with the Eastern District of California. *See Chaker v. Becerra*, No. 2:20-cv-1248-TLN-KJN PS, 2021 WL 826167, at *2 (E.D. Cal. Mar. 4, 2021); *see also Gill v. Simpson,* No. 1:12-CV-1011 AWI GSA, 2012 WL 4863808, at *6 (E.D. Cal. Oct. 12, 2012) (transferring action where "[t]here is no established relationship between the Eastern District of California and the conduct that forms the bases" of plaintiff's claims); *Megtech, Inc. v. Edible Arrangements, LLC*, No. CV09-5876 ODW (AGRX), 2010 WL 11512215, at *5 (C.D. Cal. Jan. 11, 2010) (transferring action where "there is virtually no 'connection' between the plaintiff's causes of action and this forum … [and] entirety of the events or omissions that are the basis of [plaintiff's] claims arose [in transferee forum]."); *Guimei v. Gen. Elec. Co.*, 172 Cal. App. 4th 689, 703 (2009) (holding that when "defendants are not California corporations, California has little interest in keeping the litigation in this state to deter future wrongful conduct.").

*Court congestion of the two forums.* Sixth, in considering the interests of justice, the factor

regarding court congestion between the two forums also favors transfer because courts in the Northern District of Texas are substantially less congested than those in the Eastern District of California. *See Green Aire*, 2020 WL 4734909, at *7 (granting request to transfer where relative court congestion between the Eastern District of California and the District of Arizona, including a longer median time from filing to trial, weighed in favor of transfer). As demonstrated in the statistics published by the federal judiciary, as of December 2023, the Eastern District of California had 5,301 new filings and 6 Article III judgeships (totaling 883 cases per judgeship) and a 68.3 month time from filing to trial for civil cases. In contrast, the Northern District of Texas which had 7,012 new filings and 12 Article III judgeships (totaling 584 cases per judgeship) and a 27.3 month time from filing to trial for civil cases.[4] This factor too weighs in favor of a transfer to the Northern District of Texas.

**Feasibility of consolidating other claims.** Seventh, the "feasibility of consolidating other claims" overwhelmingly favors transfer to the Northern District of Texas. As discussed above and in Section II below, the Consolidated Action of twenty-six other class action lawsuits is presently pending in the Northern District of Texas, including the first-filed *Cabezas* Action. Transferring this action would avoid duplicative litigation on essentially the same claims and strongly favors transfer. *See Mussetter*, 2009 WL 1992356, at *5 (granting transfer where "the pendency of related cases in the Northern District and the feasibility of consolidation weigh heavily in favor of transfer"); *Owner-Operator*, 2002 WL 32831640, at *11 (consolidation factor favored transfer where transferring action with related cases would "promote judicial economy and allow the parties to resolve all differences in a single forum and avoid conflicting decisions by different courts").

The limited remaining applicable factors do not weigh against transfer in a meaningful way.

---

[4] U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (December 31, 2023) *available at*:
https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2023.pdf.

***Familiarity with governing law.*** As to the factor concerning each state's familiarity with the governing law, federal courts in the Northern District of Texas are equally capable of and have regularly considered California law claims. *See Trottier v. FieldCore Servs. Sols., LLC*, No. CV 20-77 PA (JCX), 2020 WL 13304063, at *4 (C.D. Cal. Aug. 3, 2020) ("Although a federal court sitting in Texas may not be as familiar as this Court with California law, federal courts are adept at applying various state law claims ...") (internal citation omitted); *O'Gara v. Binkley,* 384 F. Supp. 3d 674 (N.D. Tex. 2019) (considering California claims for defamation, tortious interference with contract, tortious interference with business relations, and violation of California unlawful and unfair business practices law); *Ricupito v. Indianapolis Life Ins.* Co., No. 3:09-CV-2389-B, 2010 WL 3855293, at *2 (N.D. Tex. Sept. 30, 2010) (applying California state statutory law after "case was transferred from California federal district court"); *Gotta v. Urso*, No. 3:05-CV-1144-D, 2006 WL 8437549, at *1 (N.D. Tex. Mar. 17, 2006) (after transfer under § 1404(a), considering "four state-law claims in California state court for securities fraud under the California state law, fraud and deceit, civil conspiracy, and unfair, unlawful, and deceptive business practices under the California Business and Professions Code").

***Plaintiff's choice of forum.*** Aside from Plaintiff's residence in California, there are no other connections or contacts between the parties and/or the conduct alleged by Plaintiff to be at issue. *See Lewis v. Sw. Airlines Co.,* No. 16-CV-00749-JCS, 2016 WL 3091998, at *4 (N.D. Cal. June 2, 2016) (according Plaintiff's choice of forum "minimal deference" where "the relevant disputed acts supporting [the plaintiff's] theory of relief occurred outside of the chosen forum") (internal quotations omitted). Further, in a putative class action, Plaintiff's chosen forum is afforded little deference. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (holding that "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of

forum is given less weight.").  As such, Plaintiff's choice of forum should be given little to no weight.

In weighing the applicable factors from *Jones* and the additional "interest of justice" factors considered in *Green Aire,* the balance is overwhelmingly in favor of a transfer of venue to the Northern District of Texas, Dallas Division under Section 1404(a).  *See Shanze Enterprises*, 2015 WL 1014167 at *7 (transferring case from the Eastern District of California to the Northern District of Texas where transfer was "the more efficient and convenient choice" where the likely witnesses were located in Texas); *Modavox, Inc. v. AOL LLC*, No. CV 08–05914 SJO (PJWx), 2009 WL 8548648, at *7 (C.D. Cal. Apr. 14, 2009) (transferring action because doing so would "greatly serve judicial economy by avoiding duplicative proceedings, reducing unnecessary expenses, and promoting consistent … judgments); *Szegedy*, 2009 WL 2767683 at *6 (holding "that the interests of judicial economy weigh strongly in favor of transfer" because "similar, if not identical, facts and issues" were present even though the case "involve[d] some different legal theories compared to the instant action").

## II.     The First-Filed Doctrine and Judicial Comity Also Support Transferring this Action to the Northern District of Texas.

Transfer of this Action to the Northern District of Texas is also warranted under the first-filed doctrine and judicial comity.  The well-established "first to file rule," permits a district court to decline jurisdiction over an action "when a complaint involving the same parties and issues has already been filed in another district."  *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) ("[S]ound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action.").  In applying the "first-to-file rule," a court looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues."  *Basalite Concrete*

13

*Prod., LLC v. Keystone Retaining Wall Sys.*, 2011 WL 999198, at *2, No, CIV. 2:10–2814 WBS-KJN (E.D. Cal. Mar. 17, 2011) citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991).  The first to file rule gives the second court "discretion to transfer, stay, or dismiss the second in the interest of efficiency and judicial economy."  *Montijo v. Amazon.com Servs. LLC*, 2022 WL 16702134, at *2 (E.D. Cal. Nov. 3, 2022) (quoting *In re Bozic,* 888 F.3d 1048, 1051–52 (9th Cir. 2018)), *report and recommendation adopted*, 2022 WL 17722873 (E.D. Cal. Dec. 15, 2022) (motion to transfer granted under first to file doctrine).

The first factor—the chronology of the two actions—is met here.  The first-filed of the twenty-six related and overlapping putative class actions pending in the Consolidated Action in the Northern District of Texas is the *Cabezas* Action, which was filed on November 3, 2023 at 2:24 PM.  The remainder of the actions were filed between November 3, 2023 and January 31, 2024.

The second and third factors—the similarity of the parties and issues—are also easily met here.  The parties are similar because each of the underlying cases in the Consolidated Action asserts a nationwide putative class of all Mr. Cooper customers potentially impacted by the Cyber Attack at issue in this action.  *Cabezas* Compl. ¶ 1.  Plaintiff here alleges he was impacted by the Cyber Attack, so would be a member of the putative class defined in the Consolidated Action.  The overlap between the actions is more obvious from the putative class definitions:

Specifically, the *Cabezas* class is described as, "all ascertainable persons impacted by the [d]ata [b]reach, including all who were sent a notice of the [d]ata [b]reach."  *Cabezas* Compl. ¶ 49.

The *Randles* class consists of "[a]ll persons residing in California whose nonredacted and nonencrypted personal information was compromised in the data breach(es) affecting Mr. Cooper's network(s) in 2023."  Compl. ¶ 46.  Thus, the putative class proposed in *Randles* is a subclass of the putative nationwide classes asserted in the Consolidated Action.  Additionally, there are several California citizens serving as named plaintiffs in the cases already pending in the Northern District

of Texas. *See Borge* Compl. ¶¶ 13, 19, 94; *Granados* Compl. ¶ 5; *LaPertche* Compl. ¶ 8, 126-153, 94-107.[5] This itself creates a divergence and potential conflict between the putative class definition in *Randles* and the choices of those plaintiffs to purport to represent nationwide classes in the Northern District of Texas.

With respect to the similarity of the issues in this action and in the Consolidated Action, the factual and legal issues overlap and are nearly (if not, totally) identical. Plaintiff's sole claim, a violation of the California Consumer Privacy Act, Compl. ¶¶ 41-48,[6] is substantively the same as the negligence and breach of fiduciary duty claims in the Consolidated Action. *See, e.g.*, *Cabezas* Compl. ¶¶ 61-67, 105-109. The claims both here and in the Consolidated Action allege a duty to implement and maintain reasonable security procedures and practices. *Compare* Compl. ¶¶ 30, 38-39, 44-45 *with Cabezas* Compl. ¶¶ 61-67, 105-109. And, these actions are premised on the same underlying factual predicate—the Cyber Attack that arose at the hands of cybercriminals. *Compare* Compl. ¶ 9 *with Cabezas* Compl. ¶¶ 1-2. Indeed, regardless of whether the legal claims are precisely the same, a core issue in the Consolidated Action and here is that the claims turn on Mr. Cooper's duty to maintain reasonable security procedures. *Compare* Compl. ¶ 44 (alleging that "Mr. Cooper violated CCPA Section 1798.150(a) by violating its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the personal information in its possession for both Plaintiff and Class members") with *Hughes* Compl. ¶¶ 109-119 ("Defendant owed a duty of care not to subject Plaintiffs and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices" and breached that duty), *Matadi* Compl. ¶ 81-88, *Penrhyn* Compl. ¶¶ 114-119, *Watson*

---

[5] The *LaPertche* complaint contains a typographical error in its numbering and after Paragraph 170 restarts numbering with Paragraph 94.

[6] The Complaint contains a typographical error in its numbering and after Paragraph 46 restarts numbering with Paragraph 35.

15

Compl. ¶¶ 133-139; *England* Compl. ¶ 81; *Garrigo* Compl. ¶ 89; *Hart* Compl. ¶ 96; *McCartney* Compl. ¶ 100 ; *Pollard* Compl. ¶¶ 93-96.

Further, upon transfer, Randles' CCPA claim would become a claim in the Consolidated Action and a claim which Randles can raise in the forthcoming consolidated complaint.  The CCPA claim in this action and its putative California class would operate as a subclass to the putative nationwide class in the Consolidated Action. Absent transfer, the same putative class members will have substantially similar claims (if not identical, because the amended complaint in the Consolidated Action has not yet been filed), against the same defendant, based on the identical facts and events, litigated in different courts at the same time.  *See Henry v. Home Depot U.S.A., Inc*, No. 14-CV-04858-JST, 2016 WL 4538365, at *4 (N.D. Cal. Aug. 31, 2016) ("failure to transfer in this instance could subject class members to inconsistent rulings … Transfer is … necessary to avoid the risk of inconsistent judicial decisions that would arise from multiple litigations of identical claims"); *Gatdula v. CRST Int'l, Inc*., No. CIV. 2:10-58 WBS CMK, 2011 WL 445798, at *3 (E.D. Cal. Feb. 8, 2011) ("preventing inconsistent rulings by two district courts considering the same issues weighs heavily in favor of transfer").

Accordingly, under the first-filed doctrine, efficiency and judicial comity support that this matter should be transferred to the Northern District of Texas.  *See Pacesetter*, 678 F.2d at  94–95 (affirming district court's transfer of venue under first-filed rule);  *Horne v. Nissan N. Am., Inc.*, No. 2:17-CV-00436-MCE-DB, 2018 WL 746467 (E.D. Cal. Feb. 6, 2018) (granting motion to transfer venue under first-filed rule); *Lighting Sci. Grp. Corp. v. U.S. Philips Corp.*, No. 2:08-CV-2238 FCD GGH, 2009 WL 10694995, at *4 (E.D. Cal. Feb. 4, 2009) (concluding "that principles of federal comity, equitable considerations, and the interests of justice weigh in favor of the court's exercise of discretion to abstain from adjudicating the matter" and granting defendant's motion to dismiss).

1

## CONCLUSION

2

   For the foregoing reasons, the venue of this case should be transferred to the Northern

3

District of Texas, Dallas Division under either Section 1404(a) or the first-filed doctrine.

4

5

 Date: March 13, 2024

6

7
                                            Respectfully submitted,

8
                                            /s/ *Laura A. Stoll*

9
                                            Laura A. Stoll (SBN 255023)
                                            *LStoll@goodwinlaw.com*
10                                          **GOODWIN PROCTER** LLP
                                            601 South Figueroa Street, 41st Floor
11                                          Los Angeles, CA 90017
                                            Tel.: (213) 426-2500
12                                          Fax: (213) 623-1673

13                                          *Attorneys for Defendants*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS MOTION TO TRANSFER VENUE                          CASE NO. 1:24-cv-00177-NODJ-SKO